## THEODORE ANDREWS vs. PHILIP R. SOUTHWICK.

Though the first publication of notice, by a messenger, that a warrant under the insolvent law has issued against a debtor whose goods are attached on mesne process, be not made till after judgment is rendered against the debtor, yet if it be made before the goods are taken in execution, the attachment is dissolved, and the bailee, to whom the attaching officer had delivered the goods, upon a promise to return them to him, is discharged from the obligation of his promise.

ASSUMPSIT on a receipt given by the defendant to the plaintiff, for certain goods, and a promise to return them to the plaintiff. The case was submitted to the court on the following agreed statement of facts:

" The plaintiff is a deputy sheriff, and on the 31st of October 1845, he attached the goods of Moses N. Little, on a writ sued out by Asa Lord against said Little, and delivered said goods, on the same day, to the defendant, who then gave the receipt on which this action is brought. Said writ was returnable, and was returned by the plaintiff, to the court of common pleas, and said Lord recovered judgment, in said court, against said Little, on the 22d of September 1847, at one o'clock, P. M. After one o'clock, P. M., on the 23d of said September, execution on said judgment was taken out, and immediately put into the hands of the plaintiff, who, on the same day, at four o'clock, P. M., demanded of the defendant the goods aforesaid, and the defendant refused to deliver them, on the ground that he was released by the proceedings, in insolvency, against said Little.

On the said 22d of September 1847, at four o'clock, P. M., said Little applied to a master in chancery for the benefit of the insolvent law, and the master duly granted a warrant forthwith, and put it into the hands of a messenger, who, on the morning of the next day, at six o'clock, first published notice thereof in the Boston Daily Star, and at three o'clock, P. M., on the same day, made another publication of said notice, in the Evening Journal — newspapers printed in Boston. Subsequently an assignee of said Little's estate was duly chosen."

*Haskell,* for the plaintiff.

*Northend,* for the defendant.

SHAW, C. J.   The plaintiff, a deputy sheriff, having attached the goods of Little on mesne process, delivered them to the defendant, and took his receipt for them.   We have not seen a copy of the receipt, but presume that it was in common form, reciting the attachment and promising to restore the goods.

Judgment was rendered in the suit in which the goods were attached, but before the expiration of the twenty four hours, when an execution could be taken out on the judgment, the debtor, on his own petition, went into insolvency; a warrant was issued to a messenger, and he had published notice thereof in a newspaper.   By these proceedings and the publication of notice, before the property could be *taken* in execution, being before it issued, the attachment on mesne process was dissolved.   The general property being in the debtor, it vested in the assignee, and when the goods were demanded, by the plaintiff, of the defendant, it was a good answer and justification of this refusal to deliver them, that he had delivered, or was bound to deliver, them to the messenger or assignee.   *Bigelow* v. *Pritchard,* 21 Pick. 169. *Sprague* v. *Wheatland,.* 3 Met. 416.   The first publication of notice fixes the time when the attachment is dissolved. *Briggs* v. *Parkman,* 2 Met. 258.   *Ward* v. *Proctor,* 7 Met. 318.   *Clarke* v. *Minot,* 4 Met. 346.

It was contended that in the present case, as the judgment was rendered before the commencement of the insolvent proceedings, a new lien was thereby created, which defeated the right of the assignee.   But we think otherwise.   In this Commonwealth no lien is created by the judgment itself. When goods are taken in execution, though the service is not completed, they cease to be holden by the attachment, and the right of the creditor can no longer be defeated by any proceedings in insolvency.   *Cushing* v. *Arnold,* 9 Met. 26. It was supposed, however, by the plaintiff's counsel, that this effect was given to a judgment, by force of the Rev Sts *c.* 90,

§ 25, which declare that "if final judgment is rendered for the plaintiff, the goods and estate attached shall be held for thirty days after the judgment, in order to their being taken in execution." But this is not a just conclusion. The *St.* of 1838, *c.* 163, was passed after the revised statutes, and so far as it is repugnant to them, or so far as it controls or modifies them, it repeals them. The insolvent law declares, that, in the case stated, the attachment shall be dissolved; it there- fore necessarily repeals all former laws, providing that in the same case the attachment shall be continued in force.

*Judgment for the defendant.*